293 P.2d 442

**C. J. CAMPBELL, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Producers Cotton Oil Company of Arizona, Respondents.**

**No. 6096.**

Supreme Court of Arizona.

Feb. 15, 1956.

Rehearing Denied March 13, 1956.

W. Roy Tribble, Chandler, for petitioner.

John F. Mills, Phoenix, for respondent Industrial Commission of Arizona, John R. Franks, Donald J. Morgan and Robert K. Park, Phoenix, of counsel.

WINDES, Justice.

Certiorari to the Industrial Commission of Arizona to test the validity of an award denying compensation to C. J. Campbell, herein designated as petitioner.

Petitioner filed application with the commission seeking benefits under the workmen's compensation act for an injury to his back which he claims arose out of and in the course of his employment with the Producers Cotton Oil Co. The application states that the injury occurred August 18, 1954, at the Desert Gin; that petitioner was down on his knees repairing a building, patching holes; and that he started to get up and twisted his back. Petitioner named as witnesses Leonard Chiles and Walter Pickens. On rehearing pursuant to application made by the petitioner, the commission affirmed its former award denying benefits and found as facts that the disability which petitioner suffered was the result of an old condition which was not caused or aggravated by any incident or accident occurring on August 18, 1954, and that no accidental injury occurred on that date.

The record is presented to us with petitioner's contention that the findings and award are contrary to the evidence. We have examined the record to determine whether the evidence would compel a different award. This is the limit of our inquiry, the commission having the right to weigh conflicting evidence. We omit the tiresome citation of authority to support this rule.

Petitioner and the persons mentioned in the application, Chiles and Pickens, were working together on the day of the alleged accident. Petitioner testified about twisting his back on August 18th, while working as set forth in the application. He said he told Chiles as to how his back was hurt. Two affidavits of Chiles were received, one stating that he (petitioner) never complained of back trouble as the result of an accident sustained at the gin. The other stated that petitioner did complain of back pain before August 18th; that petitioner told him he hurt his back while working on his house cooler, when a barrel turned over causing him to fall; and that he complained of pain in his back because of the fall. Pickens testified he had been working alongside of petitioner for two or three months and was working with him all day on August 18th, and that he remembered nothing unusual happening nor that petitioner complained of any pain in his back.

There is sharp disagreement between petitioner's story of the incident while working on the cooler and Chiles' affidavits. Petitioner's version was that he started to get on the barrel to fix the cooler; that it tipped over and rolled down; and that he never fell off it. He further stated Chiles' story concerning this incident was a false statement. Petitioner disputes Chiles' affidavit that he (petitioner) did not complain to him about having hurt his back on August 18th.

It is undisputed that petitioner has a disability resulting from a herniated disc. On August 24th, six days after the claimed accident, petitioner consulted Dr. Charles

von Pohle who diagnosed his ailment as a recent injury imposed upon an old ruptured disc. He was hospitalized and, after some unsuccessful treatment, was operated on by Dr. W. V. Ergenbright. The two doctors testified to the effect that, if the petitioner sustained the injury on August 18th, it could be a contributing cause of his trouble; and that it could have activated or aggravated the old condition in his back. They knew nothing of the alleged accident except what petitioner told them. The value of their testimony was dependent upon the truth of petitioner's statement concerning the accident. The commission found that no such accident occurred.

██ Whether the accident occurred as claimed is dependent entirely upon the truth of petitioner's own testimony. There is no witness corroborating him. Of those working with him, one remembers nothing of its happening; the other contradicted petitioner's story. We are unable to say that the commission was required to find that petitioner has carried the burden placed upon him to show an injury by accident arising out of and in the course of his employment. Under the circumstances the petitioner was not only an interested party but his testimony was impeached to a certain extent. The commission was not compelled to believe him.

The award is affirmed.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.